IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CV-477-FL

| | | |
|---|---|---|
| NOCHUS MICHAEL BERRY,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION; NATIONSTAR MORTGAGE LLC, d/b/a Mr. Cooper; RUSHMORE LOAN MANAGEMENT SERVICES LLC; ROCKET MORTGAGE, LLC; ANCHOR TRUSTEE SERVICES, LLC; REALTY ONE GROUP, INC.; REALTY CONNECT, LLC; and DOES 1 through 25,<br><br>Defendants. | ) | MEMORANDUM OPINION |

This matter came before the court September 14, 2026, upon plaintiff's emergency motion for temporary restraining order and preliminary injunction to enjoin foreclosure sale pursuant to Federal Rule of Civil Procedure 65. (DE 16).[1] The court denied plaintiff's request in order entered that same date. (DE 19). The court memorializes herein its reasons for this decision.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action with verified complaint filed July 14, 2026, asserting claims for declaratory judgment; quiet title; violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; wrongful foreclosure; equitable accounting; unfair and

---

[1] Also pending but not yet ripe is plaintiff's motion to halt all foreclosure actions and remove them from the state court into the federal court, filed September 4, 2026. (DE 10).

deceptive trade practices; breach of contract and the implied covenant of good faith and fair dealing; fraud, fraudulent concealment and negligent misrepresentation; and permanent injunction and ancillary equitable relief.

Plaintiff alleges he is the successor in interest to the property where he resides, located at 2406 Browning Court in Wilson, North Carolina (the "property"). (Compl. ¶¶ 13-14). Defendants Freedom Mortgage Corporation, Nationstar Mortgage LLC d/b/a Mr. Cooper, Rushmore Loan Management Services LLC, and Rocket Mortgage, LLC are mortgage lenders and servicers who allegedly participated in originating, servicing, and enforcing a mortgage loan secured by the property. (Id. ¶¶ 19-22). Defendant Anchor Trustee Services, LLC is the substitute trustee in foreclosure proceedings concerning the property. (Id. ¶ 23). Defendants Realty One Group, Inc. and Realty Connect, LLC also allegedly participated in foreclosure-related activity. (Id. ¶ 24). Defendants Does 1 through 25 are unidentified individuals who participated in mortgage- and foreclosure-related activities. (Id. ¶ 25).

According to the complaint, plaintiff's predecessor in interest, Rashid M. Khan, obtained a mortgage loan secured by the property in November 2019. (Id. ¶ 35). Plaintiff alleges that the original loan transaction was defective and that subsequent assignments and services changes created confusion regarding the loan's ownership and payment status. (Id. ¶¶ 42-50). Plaintiff was denied opportunity to tender payments and cure default conditions because defendants "refused to recognize him as a successor in interest." (Id. ¶ 51).

Defendants initiated foreclosure proceedings under the caption Anchor Trustee Services, LLC v. Nochus Michael Berry, Wilson County File No. 22 SP 211 (the "foreclosure proceedings"). (Id. ¶ 58). Plaintiff alleges that the "foreclosure proceeding was prosecuted without full and accurate disclosure of Plaintiff's successor-in-interest status," and that other representations were

"incomplete, misleading, or inaccurate." (Id. ¶¶ 59, 60). According to plaintiff, "[a]s a direct consequence of Defendants' conduct, Plaintiff was deprived of a meaningful opportunity to protect the Property before foreclosure proceedings commenced," and "Defendants failed to provide the information reasonably necessary for Plaintiff to protect his legal interests." (Id. ¶¶ 74, 100).

Notwithstanding these obstacles, "Plaintiff contested the validity of the foreclosure" in state court, but "Defendants continued foreclosure proceedings." (Id. ¶¶ 106, 112). Plaintiff alleges that defendants failed to comply with notice requirements, failed to conduct necessary investigations, obfuscated records, and "intentionally created circumstances designed to pressure Plaintiff into abandoning the Property before judicial review could occur. (Id. ¶ 273; see generally, id. ¶¶ 131-287).

In September 14, 2026, motion, plaintiff asserts that a power-of-sale foreclosure of the property is scheduled for September 15, 2026, at 2:00 p.m. in Wilson County. (Mot. 1). Relying on his affidavit testimony, plaintiff requests the court "[i]mmediately restrain Defendants . . . from conducting, calling, continuing, or completing the foreclosure sale of [the property] under Special Proceeding No. 22 SP 000211-970," and "restrain acceptance or processing of an upset bid, filing of a final report of sale, delivery or recording of a trustee's deed, demand for possession, eviction, or other transfer of title or possession." (Id. at 13-14).

## COURT'S DISCUSSION

### A. Standard of Review

A party seeking a temporary restraining order must set forth "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should

not be required." Fed. R. Civ. P. 65(b)(1). In addition, a party seeking a temporary restraining order or preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Issuance of preliminary injunctive relief is "extraordinary" and never awarded as of right. Id. at 24.

B. Analysis

Plaintiff fails to "establish that he is likely to succeed on the merits" because the Anti-Injunction Act expressly forbids the relief he seeks. Id. at 20. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Anti-Injunction Act, 28 U.S.C. § 2283. Plaintiff does not point to any Act of Congress or other basis on which this court may enjoin the foreclosure proceedings in state court. Thus, where this court lacks authority to grant his requested relief, plaintiff is not likely to succeed on the merits. See Winter, 555 U.S. at 20.

Plaintiff's reliance on North Carolina statutory law does not alter this conclusion. A person with an interest in real property "may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed . . . to enjoin such sale . . . upon any . . . legal or equitable ground which the court may deem sufficient." N.C. Gen. Stat. § 45-21.34. This statute gives equitable power to North Carolina Superior Courts, not United States District Courts. Therefore, this court may not rely on such state statute to provide the "extraordinary" relief plaintiff seeks. Winter, 555 U.S. at 24.

**CONCLUSION**

Based on the foregoing, the court DENIED plaintiff's motion for temporary restraining order and preliminary injunction (DE 16).

DATED, this the 15th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge